# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF Massachusetts

In re:

Richard  L. Dugre and
Patricia A. Dugre

Debtor(s)

Case No. 16-30646-MSH
Chapter 7

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

Now comes Gary M. Weiner,  Chapter 7 Trustee (the "Trustee") for the above referenced bankruptcy estate of Richard L. Dugre and Patricia A. Dugre  (the "Debtors"), by and through the undersigned counsel, files this Application for entry of an order authorizing employment of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit A* (the "BKRES Affidavit") and (2) B & B Real Estate  ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit B* (the "Listing Agent Affidavit").  In support thereof, the Trustee respectfully states as follows:

### *PRELIMINARY STATEMENT*

Trustee requests approval to retain BKRES and local licensed Listing Agent (individually and collectively referred to as "Broker or Brokers"), at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage

1

commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

*Jurisdiction*

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

*Background*

3.      On 07/27/2016, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Thereafter, on July 29, 2016, the Trustee was appointed as the Chapter 7 trustee in this case.

5.      The Trustee held and concluded the 341 meeting on 09/06/2016.

6.      The Debtor is the sole owner of real property located at **79 Acrebrook Dr, Chicopee, MA 01020** (the "Property").

7.      The Debtor has no equity in the Property.  The Debtor's schedules reflect that the Property is currently worth $180,600.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Chase Mortgage (the "Secured Creditor") in the approximate amount of $230,000.00.

8.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES and Local Agent, shall not participate in the sale and purchase of any estate property except as hired Brokers:

a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b.  buy the Property from the Debtor's estate if (and only if) no such offer is made[2];

c.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the customary expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a meaningful carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

9.      The Trustee also has determined it to be in the best interest of the Debtor's estate and all creditors to request authorization to engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property and to reimburse the Brokers in a maximum amount not to exceed $500.00 for any approved reasonable, necessary out-of-pocket costs and expenses incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

[2] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third party sale terms of the BKRES Agreement and Listing Agreement.

4

10.    Trustee expects BKRES and Listing Agent to obtain Secured Creditor's full, final and unconditional Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

11.    By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, (b) engage Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, (c) reimburse Brokers in the maximum amount not to exceed $500.00 for any approved, out-of-pocket costs incurred by Brokers associated with property preservation, maintenance, and upkeep of the subject Property in connection with a potential sale, upon the availability of funds from the estate, without the need for further Order, and (d) approve Secured Creditor's payment of the fees described herein and below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

*APPLICATION*

12.    Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13.    As further described in the materials attached to their affidavits, BKRES[3] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity. [An expedited sale of the estate Property securing an allowed secured claim in this case pursuant to Section 363 of the Bankruptcy Code will enhance the bankruptcy relief sought by the Debtor(s), provide a recovery of value for the bankruptcy estate that will result in a meaningful distribution to unsecured creditors, and provide direct equitable benefits to the Secured Creditor in the following ways:

      a.    in exchange for an expedited free and clear sale and realization of the current fair market value of the Property by the Secured Creditor, the Debtor's estate will be released from the Senior Mortgage and any deficiency claims resulting from the sale;

---

[3] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

b.    an expedited free and clear sale of the Property will provide a loss mitigation option that enables the Secured Creditor and Debtors to avoid the substantial expense of foreclosure proceedings and the damaging impact of foreclosure on the financial recovery of the bankrupt Debtors and their ability to obtain future credit;

c.    an expedited free and clear sale of the Property will provide a negotiated cash payment as a meaningful recovery of value for the bankruptcy estate and the unsecured creditors;

d.    an expedited free and clear sale of the Property will eliminate the need for a foreclosure sale and enable the Secured Creditor to limit its expenses to legal costs, property preservation costs, insurance, and taxes; and,

e.    the Debtors' voluntary surrender of the Property to the administration of the Trustee and the Secured Creditor's consent to the sale of the Property will enable the Trustee to use the forces of a free market to establish the true fair market value of the Property for the benefit of all interested and affected parties.]

14.    The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained.  That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

15.    In no event will the estate have any obligation to pay BKRES or Listing
Agent for their services, or to pay for customary title and closing services.  The terms of
the BKRES Agreement and Listing Agreement and this Application provide that BKRES
and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its
Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold[4], in which
event BKRES and Listing Agent will receive and share a 6% real estate brokerage
commission and obtain reimbursement of any out-of-pocket expenses and payment for all
other expenses associated with the sale of the Property from the sale proceeds at closing in
accordance with the order approving the sale.

16.    BKRES and Listing Agent will not be entitled to any fees if Secured
Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

17.    The Trustee submits that the terms of employment and compensation as set
out in the BKRES Agreement and Listing Agreement are reasonable in light of the
extensive experience of BKRES and Listing Agent and the nature of the

---

[4] In the event that the Property is not sold to a third party, the Brokers will be paid in accordance with the non-third
party sale terms of the BKRES Agreement and Listing Agreement.

services they provide.

18.    BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as *Exhibit A* is an Affidavit of Disinterestedness of BKRES.  BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent, or a buyer's Agent, if applicable.

19.    Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES, or a buyer's Agent, if applicable.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement and this Application pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date:

Respectfully submitted,
Gary M. Weiner, Chapter 7 Trustee for
the estate of Richard L. Dugre and
Patricia L. Dugre


By    /s/ Gary M. Weiner
Gary M. Weiner, Esq. BBO #548341
Weiner Law Firm, P.C.
1441 Main St Suite 610
Springfield, MA 01103
413-732-6840
gweiner@weinerlegal.com

EXHIBIT

A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ------------------------------------------------

In re:                                              :          Chapter 7
                                                    :
                                                    :          Case No. 16-30646
                                                    :
Debtor                                              :
Richard Dugre                                       :
Patricia Dugre                                      :
                                                    :
-------------------------------------------------   :

**DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO
PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

The undersigned, Patrick Butler ("Declarant") hereby states:

1.      I am employed by BK Global Real Estate Services ("Applicant" or
"BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida
located at 1095 Broken Sound Parkway, N.W., Suite 100, Boca Raton, FL 33487. I am Applicant's
broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf
in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule
2014.

2.      Based upon the information discussed below, I believe that Applicant is a
disinterested person and does not hold or represent any interest adverse to the interest of the
Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.      To the best of my knowledge: (a) neither BKRES nor any of its employees
has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of
the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES
and each of its employees are "disinterested persons," as that term is defined in Section 101(14)
of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an
interest adverse to the Debtor's estate.

1

3.    A description of the qualifications of, and services provided by, BKRES is attached as Schedule 1.

4.    That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

5.    That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as Schedule 2 hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 20 day of January, 2017.

Patrick Butler
Broker-in-Charge

The foregoing instrument was sworn to and subscribed before me this 20ᵗʰ day of January, 2017, by Patrick Butler who provided identification or is personally known to me and who did take an oath.

NOTARY PUBLIC

Notary Public, State of Florida

My Commission Expires



Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019

2

## SCHEDULE 1

## STATEMENT OF QUALIFICATIONS AND SERVICES OF BKRES

BK Global™

BK Global™ is a national company with a bankruptcy service platform containing a network of certified BK real estate Brokers and Agents, a national marketplace for listing and submitting bankruptcy real estate purchase offers (www.bkglistings.com), and a centralized team of loan servicing specialist that enable Federal Trustees to streamline and manage their real estate needs most effectively for the benefit of the bankruptcy estate and unsecured creditors. By integrating its unique services and implementing its proprietary tools, BK Global is poised to create industry standards and efficiencies.

Consented Sale™

A Consented Sale™ is an "enhanced" agreement between all requisite stakeholders, the most important being the lender/servicer, of a residential or commercial property for less than what the owner still owes on the mortgage. A Consented Sale™ is a beneficial alternative to foreclosure when a homeowner needs to sell and can no longer afford to make their mortgage payments. The lender agrees to accept less than the amount owed to pay off a loan now rather than taking the property back by foreclosure and trying to sell it later. Lenders agree to a Consented Sale™ because they believe it will net them more money than going forward with a lengthy and costly foreclosure process.

BK Score™

BK Score™ is generated from a finite set of data points in a prescribed sequence to achieve a resulting score between the values of 1 and 100. The BK Score™ is shared with trustees, servicers, courts, and software management platforms and indicates the likelihood that an asset in a bankruptcy is qualified for consented disposition. The higher the BK Score™ there is a better chance to sell the property. In addition to the presented scores, BK Global provides the trustee a solution to sell the asset which maximizes the benefit to the estate. BK Global™ is at the forefront of creating new industry standards for trustee services.

To consistently measure and predict market value of real estate assets nationally, in an ever changing and fluid real estate market, it is important to have a well-defined methodology that explains how values are derived. The BK Score™ uses multiple data points to predict sales confidence compared to the limited local market inputs used by real estate brokers who are not certified in short sales. BK Score™ incorporates a number of unique methodology questions that include the data points listed below.

3

**Highlighted BK Score™ Data Points**

- Asset Value / Liabilities / Liens
- Judicial / Non-judicial State Analysis
- Pro Se (Professional Legal Representation)
- Title Search
- Statement of Intent by Debtor
- Foreclosure Timeline Analysis
- Redemption Period Analysis
- Community / Non-community Asset
- Asset Valuation Model (AVM)

## BK Score™ Core Benefits

**Increased Confidence of a Consented Short Sale** – BK Score™ gives lenders, servicers and real estate professionals more precise information on which to determine baseline sales values to achieve a successful consented short sale.

**Accelerates the Short Sale Decision Process** – Technology that utilizes scoring systems allows lenders/servicers to make instant valuation and sales consent decisions. This is notable as applications for consented sale of property can be approved by lenders/servicers in hours rather than weeks for sales values which score above a lender's score cutoff.

**Reduces Risk of Completing a Cooperative Short Sale** – There are certain barriers to a short sale. Servicers are frequently wary of short sale offers because of concerns that they are settling the debt at too low a price. Greater probability that servicers will consent to a short sale is made possible thanks to BK Score™. The BK Score™ empowers any lender/servicer to quickly set a cut off price and begin the short sale process, without time-consuming phone calls, faxed documents, or any effort from the agent or trustee.

**Increases Transaction Transparency** – BK Global™ is integrated with most major lender/servicers nationally. The BK Score™, which has revolutionized the default servicing industry, helps servicers select and execute optimal baseline valuations based on measurable guidelines while driving efficiency, fostering transparency and facilitating compliance. With the use of BK Score™ agents and trustees can quickly collaborate and determine an appropriate list price that allow agents to begin pursuing sales offers with confidence.

The BK Score™ algorithm has been developed by industry experts that have over 30 years of experience in Distressed Real Estate and Bankruptcy Sales. To date, over 2 years of bankruptcy assets have been analyzed and scored using the BK Global Scoring system. BK Score™ is a trademark pending registration with the US Trademark and Patent Office.

SCHEDULE 2



October 20, 2016

Gary M. Weiner
Chapter 7 Trustee
95 State Street, Suite 918
Springfield, MA 01103

Re:    Richard Dugre, Patricia Dugre
       Agreement to Negotiate Consented Sale for **79 Acrebrook Drive, Chicopee, MA 01020**

Dear Mr. Weiner:

This letter confirms the Agreement to Negotiate a Consented Sale for the referenced property ("Property") and confirms the undersigned's ("our," "we" or "us") agreement to negotiate a Consented Sale on the following terms and conditions (collectively, the "Agreement"):

1.    Following your signature approving this Agreement, we and our affiliate, Bankruptcy Global Holdings, LLC, will make commercially reasonable efforts to procure the consent and agreement ("Consent") of the senior mortgagee ("Secured Creditor") to:

      a.    sell the Property to whichever third party you determine to have made the best qualified offer during a public sale approved by the court;

      b.    buy the Property from the estate if (and only if) no such offer is made;

      c.    release its lien and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

      d.    agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any commission payable to the local real estate broker and all other fees and expenses associated with the sale, and (y) provide a carveout for the benefit of allowed unsecured creditors of the estate.

2.    At our recommendation, you have retained a local real estate broker to market the Property for sale to the public under a separate listing agreement. We will assist them by coordinating all aspects of the listing and sale process that involve Secured Creditor's Consent. We will also prepare and deliver any and all reports and information about the Consent, listing and sale process that you reasonably require. However, your local listing broker will be solely responsible for providing you with all other brokerage services associated with selling the Property, including inspecting it to confirm condition and occupancy, preparing any comparative market analysis, Broker Asset Valuation (Streamlined BPO) and Broker's Price Opinion (BPO), recommending a listing price, preparing marketing materials, including photographs and signage, and displaying the same at the Property and on the Multiple Listing Service, conducting all open houses and showings, and helping you evaluate and negotiate purchase offers, all at their sole cost and expense.

Gary M. Weiner, Trustee
Agreement to Negotiate Consented Sale
79 Acrebrook Drive, Chicopee, MA 01020
Richard Dugre, Patricia Dugre

3.      The term of this Agreement will commence when you sign and return a copy of this letter and the court approves it. This Agreement will automatically terminate upon the closing of the sale of the Property, but may be terminated by either party for any or no reason at any time from and after 180 days from commencement.

4.      There will be no fees due to, or payable by, either party under this Agreement, and neither party will be reimbursed by the other party for any cost or expense. Subject to the foregoing, you acknowledge and agree that our fee and expenses will be paid by Secured Creditor as a 11 U.S.C. § 506 surcharge, if and to the extent that Secured Creditor agrees and the court approves. You further acknowledge and agree that, if the Property is sold to a third party, we may receive some or all of our fee and expenses under a fee agreement with the local listing broker.

5.      You will make commercially reasonable efforts to assist us in procuring Secured Creditor's Consent and marketing the Property and hereby appoint us as your agent, and grant us power of attorney to act on your behalf as trustee in connection with the same

6.      We acknowledge and agree that (a) you are not executing this Agreement in your individual capacity, but solely as trustee of the estate, (b) we do not and will not have any right or claim with respect to the estate and (c) our sole recourse for payment of our fee and expenses will be to Secured Creditor under the Consent and the local listing broker under our fee agreement, but only if and to the extent that the same are approved by the court.

7.      This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

Please let us know if you have any questions regarding the foregoing or enclosed materials.

Otherwise, kindly confirm your agreement by signing and returning this letter to retain us at your earliest convenience.

We look forward to working with you.

Sincerely,

**BK GLOBAL:**

**BK GLOBAL REAL ESTATE SERVICES**, a Florida Real Estate Corporation

By:_____
       Patrick Butler, Corporate Broker

Acknowledged and agreed as of the date set forth above.

**TRUSTEE:**

_____
Gary M. Weiner, not individually but solely as Trustee in the referenced matter.

2

**EXHIBIT**

B

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF

In re:                                          Case No. 16-30646
                                                Chapter 7
**Richard Dugre**
**Patricia Dugre**

_____ **Debtors** _____ /

### AFFIDAVIT OF JOANNE MURRAY IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND B & B REAL ESTATE TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF MASSACHUSETTS        )
                              )
COUNTY OF Hampden             )

Joanne Murray, being duly sworn, says:

1.      I am a real estate agent duly licensed by the State of Massachusetts.

2.      I am an agent of B & B Real Estate a Massachusetts Corporation, with corporate offices located at 59 Cherry Street, Holyoke, MA 01040 ("Listing Agent").

3.      I am familiar with the Application to Retain B & B Real Estate, filed by the Trustee ("Application") and the property described therein.

4.      I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 79 Acrebrook Dr, Chicopee, MA 01020 (the "Property").

5.      B & B Real Estate has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.        Neither I nor any member of B & B Real Estate hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.        To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.        I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

Joanne Murray of
B & B Real Estate

The foregoing instrument was sworn to and subscribed before me this 23rd day of January, 2017.

NOTARY PUBLIC

Notary Public, State of
Massachusetts

Type, Stamp, or Print Name as
Commissioned

ROSEMARY RIBEIRO
Notary Public
Massachusetts
Commission Expires Nov 3, 2017

2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | ) | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 16-30646-MSH |
| RICHARD L. DUGRE AND | ) | |
| PATRICIA A. DUGRE | ) | |
| Debtors | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Gary M. Weiner, Esq. do hereby certify that on the 30TH day of January, a copy of the foregoing Chapter 7 Trustee's Application to Retain BK Global Real Estate Services, LLC and Joanne Murray of B & B Real Estate to Procure Consented Private Sale was mailed via first class mail, postage pre-paid, or via electronic mail to the following:

Richard King, United States Trustee
USTPRegion01.WO.ECF@USDOJ.GOV

Debtors

Richard L. Dugre
896 Prospect Street
Apt. 2R
Chicopee, MA 01020

Patricia A. Dugre
79 Acrebrook Drive
Apt. 2R
Chicopee, MA 01020

Debtors' Counsel

George Roumeliotis, Esq.
1 Springfield Street
Suite 5C
Chicopee, MA 01013
george@roumeliotislaw.com

Interested Parties

Americredit Financial Services, Inc.
dba GM Financial
PO Box 183853
Arlington, TX 76096

BK Global Real Estate Services
1095 Broken Sound Parkway, N.W.
Suite 100
Boca Raton, FL 33487

Joanne Murray
B & B Real Estate
59 Cherry Street
Holyoke, MA 01040

/s/ Gary M. Weiner, Esq.